UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FOSS MARITIME COMPANY, LLC, a Washington limited liability company and NORTHWEST TUG LEASING, LLC, a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NAVIGATORS INSURANCE COMPANY, a New York insurance company; ZURICH AMERICAN INSURANCE COMPANY, an Illinois insurance company; and ASCOT INSURANCE COMPANY, a New York insurance company,<br><br>Defendants. | Case No.: 2:25-cv-02534-JHC<br><br>JOINT MOTION TO AMEND CASE SCHEDULE & ORDER<br><br>**NOTE ON MOTION CALENDAR: October 14, 2026** |

## I. REQUESTED RELIEF

The parties jointly move the Court to amend the current case schedule.

## II. FACTUAL BACKGROUND

This is an insurance coverage case. Not long after it was filed, Plaintiff Foss Maritime Company, LLC, and Plaintiff Northwest Tug Leasing, LLC, moved for partial summary judgment. (Dkt No. 26) (“Plaintiffs’ Motion”) In Plaintiffs’ Motion, they request an order that Defendant Navigators Insurance Company committed insurance bad faith and violated the

Washington Insurance Fair Conduct Act and the Washington Consumer Protection Act as a matter of law (*Id.* at 1). Navigators opposed Plaintiffs' Motion and filed its own motion to enforce the arbitration provision in the applicable insurance policy or, alternatively, to stay a ruling on Plaintiffs' Motion pending discovery. (Dkt. No. 45) The Court has not yet ruled on these motions.

Given the importance of these motions to the case, Plaintiffs and Navigators have held off on conducting discovery, in an effort to conserve resources. Accordingly, they respectfully request that the dates in the current case schedule—as set out in the Minute Order Setting Trial Date and Related Dates (Dkt No. 46) ("Scheduling Order)—be continued.

Although the parties agree that several case deadlines should be continued, they disagree over whether the trial date should remain the same. As discussed further, below, Plaintiffs believe the current trial date should remain May 17, 2027. Defendants do not believe that is feasible and request a five-month extension of all deadlines, including the trial date.

## III. LEGAL AUTHORITY

### A. Good cause exists for the requested extension.

According to the Scheduling Order, the dates listed in it are "firm dates that can be changed only by order of the court, not by agreement of counsel or parties. The court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause" (Dkt. No. 46, at 2); *see* LCR 16(b)(6).

Good cause exists for the requested continuance, here. The pending motions could resolve whether Navigators is liable for Plaintiffs' claims as a matter of law or whether those claims should be resolved in arbitration. Either way, it does not make sense for the parties to engage in expensive and time-consuming discovery, including the hiring of experts and potential motion practice, if the Court concludes, in the pending motions, that the dispute should be resolved without it.

### B. Plaintiffs request the following case schedule (Option 1).

Plaintiffs believe several case deadlines should be continued, but the current dispositive motion filing deadline and the trial date should stay the same. For convenience, Plaintiffs' proposal is labeled **Option 1** and set out, below.

| **EVENT** | **CURRENT** | **NEW** |
|---|---|---|
| Deadline for Amending Pleadings | 10/19/26 | 10/19/26 |
| **Disclosure of Expert Testimony under FRCP 26(a)(2)** | 10/19/26 | **1/4/27**[1] |
| **All Motions Related to Discovery** | 11/18/26 | **1/18/27** |
| **Discovery Completed By** | 12/18/26 | **2/18/27** |
| Dispositive Motions and Motions Challenging Expert Witness Testimony | 1/19/27 | 1/19/27 |
| Settlement Conference Held No Later Than | 3/18/27 | 3/18/27 |
| Motions in Limine Filed By | 4/5/27 | 4/5/27 |
| Deposition Designations Submitted By | 4/28/27 | 4/28/27 |
| Trial Briefs, Proposed Voir Dire, Jury Instructions | 5/10/27 | 5/10/27 |
| Trial | 5/17/27 | 5/17/27 |

[1] Plaintiffs' requested changes from the dates in the current Scheduling Order are in bold. All other dates would remain the same.

Plaintiffs believe Option 1 is the better option to keep this case on track and adhere as faithfully as possible to the Court's current Scheduling Order.

Option 1 will give the parties adequate additional time to complete important fact and expert discovery by compressing the discovery and expert disclosure periods in the event the Court's decision on the pending motions does not render exhaustive discovery unnecessary. Plaintiffs have already served limited discovery on Defendants Zurich Insurance Company and Ascot Insurance Company, and Plaintiffs will be serving written discovery on Navigators the week of this filing. All of the parties in this action are represented by experienced coverage counsel who are capable of working cooperatively to complete fact and expert discovery in the next three/four months.

At the same time, Option 1 will preserve the current trial date set by the Court, and will not require shortening the roughly four-month interval between the filing of dispositive and *Daubert* motions and trial. To the extent any party intends to file another dispositive motion (Plaintiffs, Navigators, and Zurich have each already filed one), Option 1 will provide them roughly three months from the date of this filing to obtain any necessary discovery and present the relevant issue to the Court. Setting the discovery cutoff one month after the dispositive and *Daubert* motion deadline is not an impediment to this—the discovery cutoff is a deadline, not a limitation on a party's ability to conduct discovery—and the additional month of discovery following the motion deadline will provide the parties an opportunity to conduct the final "cleanup" document and deposition discovery that is often necessary when a case is actually going to be tried.

For these reasons, Plaintiffs respectfully submit that Option 1 is the best option for accommodating the parties' concerns while keeping this case on track and avoiding having this matter occupy space on the Court's docket longer than necessary.

//

//

**C. Defendants request the following case schedule (Option 2).**

Although Defendants are also interested in litigating this case as expeditiously as possible, they believe Option 1 is unworkable. First, it will be nearly impossible to complete discovery, including any necessary motion practice, in only four months. The scheduling of depositions, alone, presents unique challenges given there are four different parties and four different sets of counsel—all of whom will have to be included in scheduling.

Second, the proposed dispositive motion filing deadline is three months away and one month ***before*** the discovery cutoff date. The absence of full discovery could severely restrict the number of issues that could and should be addressed by dispositive motion pre-trial.

Finally, under Option 1, the deadline for disclosing expert testimony (January 4, 2027) is only two weeks before motions challenging that same testimony are due—January 19, 2027. That makes no sense to Defendants. Each of the four parties could identify multiple experts. It is not hyperbole to say that scheduling the depositions of multiple experts (including rebuttal experts), and drafting motions to exclude their respective testimony, in two weeks, would be impossible. Defendants therefore request the following alternative.

Defendants submit that all deadlines, including the trial date, should be extended five months. That would afford the parties a similar amount of time to complete discovery, for example, that was originally contemplated when the parties filed, on April 8, 2026, the Joint Status Report and Discovery Plan. (Dkt No. 38) More specifically, the current case schedule afforded the parties from approximately April 2026 to October 2026 (six months) to complete discovery. Accounting for this, Defendants request the following alternative case schedule labeled **Option 2**.

//

//

//

//

| EVENT | CURRENT | NEW |
|---|---|---|
| Deadline for Amending Pleadings | 10/19/26 | 10/19/26 |
| Disclosure of Expert 8estimony under FRCP 26(a)(2) | 10/19/26 | 3/19/27 |
| All Motions Related to Discovery | 11/18/26 | 4/19/27 |
| Discovery Completed By | 12/18/26 | 5/18/27 |
| Dispositive Motions and Motions Challenging Expert Witness Testimony | 1/19/27 | 6/18/27 |
| Settlement Conference Held No Later Than | 3/18/27 | 8/18/27 |
| Motions in Limine Filed By | 4/5/27 | 9/6/27 |
| Deposition Designations Submitted By | 4/28/27 | 9/28/27 |
| Trial Briefs, Proposed Voir Dire, Jury Instructions | 5/10/27 | 10/11/27 |
| Trial | 5/17/27 | 10/18/27 |

Importantly, Plaintiffs have not demonstrated any prejudice if the Court were to adopt Option 2, as proposed by Defendants.

## IV. CONCLUSION

For the foregoing reasons, the parties request that this motion be granted and that the Court enter a revised case scheduling order consistent with either **Option 1** or **2**.

DATED October 14, 2026

CORR CRONIN LLP

*s/ Kelly H. Sheridan via email approval*
Kelly H. Sheridan, WSBA No. 44746
Kathryn Joy, WSBA No. 60056
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel: (206) 625-8600
Email: ksheridan@corrcronin.com
kjoy@corrcronin.com

MILLER NASH LLP
Donald B. Scaramastra, WSBA No. 21416
Carolyn A. Mount, WSBA No. 55527
605 5th Avenue S., Suite 900
Seattle, WA 98104
Tel: (206) 777-7530
Email: donald.scaramastra@millernash.com
carolyn.mount@millernash.com

***Attorneys for Plaintiffs Foss Maritime Company, LLC and Northwest Tug Leasing, LLC***

CLYDE & CO US LLP

s/ *Matthew J. Sekits*
Matthew J Sekits, WSBA #21675
Email: matthew.sekits@clydeco.us
Owen R. Mooney
Email: owen.mooney@clydeco.us
401 Union Street, Suite 1400
Seattle, WA 98101
Telephone: 206.689.8558
Facsimile: 206.689.8501

***Attorneys for Defendant Navigators Insurance Company***

COZEN O'CONNOR

*s/ Jeremy Knight via email approval*
Jodi A. McDougall, WSBA No. 22060
Jeremy Knight, WSBA No. 58607
999 Third Avenue, Suite 1900
Seattle, WA 98370
Telephone: (206) 340-1000
E-mail: JMcDougall@cozen.com
JKnight@cozen.com

***Attorneys for Defendant Zurich American Insurance Company***

LETHER LAW GROUP

*s/ Samuel D. Colito via email approval*
Samuel D. Colito, WSBA No. 42529
Thomas Lether, WSBA No. 18089
1848 Westlake Ave N, Suite 100
Seattle, WA 98109
Telephone: (206) 467-5444
E-mail: scolito@letherlaw.com
tlether@letherlaw.com

***Attorneys for Defendant Ascot Insurance Company***

## V. ORDER

The trial date is continued to October 18, 2027. The Court DIRECTS the Clerk to issue a new scheduling order that contains pretrial deadlines, beginning with the deadline for amending pleadings.

DATED: October 14, 2026.

John H. Chun

**JOHN H. CHUN**
**UNITED STATES DISTRICT JUDGE**